UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYRONE CLATION,<br><br>        Plaintiff,<br><br>    v.<br><br>DEPARTMENT OF CORRECTIONS, et al.,<br><br>        Defendants. | CASE NO. 1:05-CV-01148-OWW-SMS-P<br><br>ORDER ADDRESSING OBJECTION, AND DIRECTING PLAINTIFF TO COMPLY WITH ORDER OF MAY 23, 2006, WITHIN THIRTY DAYS OR THIS ACTION WILL BE DISMISSED<br><br>(Doc. 20)<br><br>ORDER DIRECTING CLERK'S OFFICE TO SEND COMPLAINT FORM TO PLAINTIFF |

     Plaintiff Tyrone Clation ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On May 23, 2006, the Magistrate Judge dismissed plaintiff's amended complaint for failure to state a claim upon which relief may be granted under section 1983, and ordered plaintiff to file a second amended complaint within thirty days. Plaintiff sought an extension of time and was granted thirty additional days within which to comply on June 23, 2006. After more than thirty days passed and plaintiff failed to comply with or otherwise respond to the order, the Magistrate Judge issued a Findings and Recommendations recommending dismissal of this action on September 13, 2006. Plaintiff filed an objection on October 23, 2006.

     Plaintiff contends he has not been able to file a second amended complaint because (1) he was in administrative segregation and did not have full access to his legal material, (2) he only gets law library access once a week, if that, and (3) he is mentally impaired and has difficulty

1

comprehending court documents and other papers. Plaintiff filed this action under section 1983, which provides a cause of action for violation of plaintiff's constitutional or other rights under federal law. 42 U.S.C. § 1983. Plaintiff's claim in this action arises from a traffic accident, which is unlikely to support a claim based on the violation of plaintiff's rights under federal law. See Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998) (Where a prisoner alleges injuries stemming from unsafe conditions of confinement, prison officials may be held liable only if they acted with "deliberate indifference to a substantial risk of serious harm." ). Nevertheless, the Magistrate Judge provided plaintiff with the legal standard applicable to his claim, notified him of the deficiencies, and gave him the opportunity to amend. Plaintiff is required only to set forth the facts which he believes show his federal rights were violated. This does not require legal research, and indeed, the court's form complaint instructs litigants not to set forth legal arguments or citations. (Doc. 8.)

With respect to plaintiff's mental impairment, the court is not persuaded that while plaintiff is able to file an objection to the recommendation that this action be dismissed, he is unable to file a request for an extension of time. In fact, the record reflects that plaintiff did so on one previous occasion.

Ignoring court orders is not an option. Plaintiff has had almost six months within which to file a second amended complaint setting forth the facts that plaintiff believes demonstrate his rights were violated. Plaintiff has thirty days to file a second amended complaint. If plaintiff fails to do so, the Findings and Recommendations will be adopted in full and this action will be dismissed, with prejudice.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send plaintiff a civil rights complaint form;
2. Within **thirty (30) days** from the date of service of this order, plaintiff shall file a second amended complaint in compliance with the Magistrate Judge's order of May 23, 2006; and

///

///

///

3. If plaintiff fails to file a second amended complaint within thirty days, the Findings and Recommendations will be adopted in full and this action will be dismissed, with prejudice, for failure to state a claim and failure to obey a court order.

IT IS SO ORDERED.

**Dated:**    **November 15, 2006**           **/s/ Oliver W. Wanger**
emm0d6                                       UNITED STATES DISTRICT JUDGE