# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYRONE CLATION,<br><br>    Plaintiff,<br><br> v.<br><br>DEPARTMENT OF CORRECTIONS, et al.,<br><br>    Defendants.   / | CASE NO. 1:05-cv-01148-OWW-SMS PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED UNDER SECTION 1983<br><br>(Doc. 22) |

I. Findings and Recommendations Following Screening of Second Amended Complaint

 A. Procedural History

Plaintiff Tyrone Clation ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on September 12, 2005. On October 13, 2005, the court issued an order striking plaintiff's complaint because plaintiff failed to sign it, and requiring plaintiff to file an amended complaint. Plaintiff filed an amended complaint on November 3, 2005. On May 23, 2006, the court dismissed plaintiff's amended complaint, with leave to amend, for failure to state any claims upon which relief may be granted under section 1983. After obtaining multiple extensions of time, plaintiff filed a second amended complaint on December 26, 2006.

 B. Screening Requirement

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The

court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Id. at 514. "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.'" Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001))). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

///

C. Plaintiff's Eighth Amendment Claim[1]

In his second amended complaint, plaintiff alleges that he was injured on October 29, 2002, when the transportation bus he was riding in en route to the California Medical Facility was rear ended by a van driven by Carlos Zarate. Plaintiff, who was shackled and in waist chains, alleges that the bus did not have safety belts and he was thrown from his seat as a result of the impact.

Plaintiff names Correctional Officer Johnnie Washington as a defendant, and seeks monetary damages.[2]

Although plaintiff does not allege the legal basis for his claim, in light of the fact that he filed suit pursuant to section 1983, the court shall treat the claim as one brought for violation of the Eighth Amendment. To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain . . . ." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Id.; Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986); Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982). Where a prisoner alleges injuries stemming from unsafe conditions of confinement, prison officials may be held liable only if they acted with "deliberate indifference to a substantial risk of serious harm." Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

The deliberate indifference standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious . . . ." Farmer v. Brennan, 511

---

[1] This case is limited to plaintiff's claim arising out of the traffic accident in 2002. In his second amended complaint, plaintiff asserts that he intends to file suit regarding the medical treatment, or lack thereof, relating to the injuries he sustained in the accident. (2nd Amend. Comp., Doc. 22, § IV.) Those claims were not alleged in this action and are not treated as if they were. In the event that plaintiff files suit raising claims arising from his medical care at the California Medical Facility, venue is proper in the Sacramento Division of the Eastern District of California.

[2] Although plaintiff also asserts that he is seeking permanent injunctive relief, the claim at issue in this action provides no basis upon which to issue an injunction. In order to issue preliminary or permanent injunctive relief, the court must have before it an actual case or controversy and in this instance, an injunction would not serve to remedy a claim which accrued on October 29, 2002, during the course of a traffic accident. City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982); Jones v. City of Los Angeles, 444 F.3d 1118, 1126 (9th Cir. 2006).

3

U.S. 825, 834 (1994) (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)). Second, the prison official must "know[] of and disregard[] an excessive risk to inmate health or safety . . . ." Farmer, 511 U.S. at 837. Thus, a prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of harm and disregards that risk by failing to take reasonable measures to abate it. Id. at 837-45. Prison officials may avoid liability by presenting evidence that they lacked knowledge of the risk, or by presenting evidence of a reasonable, albeit unsuccessful, response to the risk. Id. at 844-45. Mere negligence on the part of the prison official is not sufficient to establish liability, but rather, the official's conduct must have been wanton. Id. at 835; Frost, 152 F.3d at 1128.

Plaintiff's allegations do not give rise to a claim for relief under section 1983. Plaintiff's injuries arose from a traffic accident caused by another driver. This event does not support a claim that defendant Washington, who was driving the transportation bus, "[knew] of and disregard[ed] an excessive risk to [plaintiff's] . . . safety," thereby violating plaintiff's constitutional rights. Farmer, 511 U.S. at 837. The court recommends that plaintiff's claim be dismissed, with prejudice.

In addition to defendant Washington, plaintiff named defendant Brown in the caption of his complaint, but did not list Brown in the section entitled "Defendants." There are no facts linking defendant Brown to any act or omission that allegedly violated plaintiff's constitutional rights. To the extent that plaintiff intended to name Brown as a defendant, any claim against him arising from the traffic accident is dismissed, with prejudice, for failure to state a claim under section 1983.

D.  Conclusion

The court finds that plaintiff's second amended complaint fails to state any claims upon which relief may be granted under section 1983. Plaintiff was previously notified of the deficiencies in his claims and provided with the opportunity to amend. Plaintiff was unable to cure the deficiencies. Given the nature of plaintiff's claim, the court finds that the deficiencies are not curable and HEREBY RECOMMENDS that this action be dismissed, with prejudice, for failure to state a claim upon which relief may be granted under section 1983.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30)**

**days** after being served with these Findings and Recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:  January 3, 2007**                                  /s/ Sandra M. Snyder
icido3                                                              UNITED STATES MAGISTRATE JUDGE